IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHERRIE CASE,<br><br>                      Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>                      Defendant. | **MEMORANDUM OPINION AND ORDER**<br><br>Case No. 2:13-CV-00399-BSJ<br><br>District Judge Bruce S. Jenkins |

Plaintiff brought this action for judicial review of the final decision of the Commissioner of the Social Security Administration, which denied Plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Having considered the parties' briefs, the administrative record, the arguments of counsel, and the relevant law, the Court AFFIRMS the Commissioner's decision.

## BACKGROUND

Plaintiff applied for DIB and SSI in May 2010. She alleges an onset date of disability of November 14, 2008. The applications were denied initially and upon reconsideration. Plaintiff requested a hearing, and the Administrative Law Judge ("ALJ") issued a decision on March 2, 2012. The ALJ found the Plaintiff had not been under a disability within the meaning of the Social Security Act from November 14, 2008, through the date of decision. Plaintiff sought judicial review by filing suit against the Commissioner pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

**DISCUSSION**

Plaintiff presents three main arguments for reversing the ALJ's findings: she contends (1) the ALJ did not properly analyze or weigh medical opinions and sources; (2) the ALJ's residual functional capacity ("RFC") and corresponding hypothetical to the vocational expert did not contain all the limitations supported by substantial evidence; and (3) the ALJ improperly found Plaintiff not compliant with prescribed treatment.

*1. Analysis and Weighing of Medical Evidence*

The ALJ erred in omitting a discussion of the medical evidence provided by Dr. Marylin Shell, Ph.D. and Lindsay Bowton, LCSW. The ALJ's decision did not clearly indicate the weight given to either opinion. However, after reviewing the omitted medical material, the Court finds this error to be harmless and not warranting remand or reversal.

Dr. Shell examined Plaintiff once more than three years before her alleged onset of disability. Dr. Shell did not find Plaintiff had functional limitations inconsistent with the ALJ's decision. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1163 (10th Cir. 2012) (ALJ's failure to expressly weigh a medical opinion was harmless error, as the opinion was generally consistent with the ALJ's residual functional capacity findings). Nor did Dr. Shell's opinions address how Plaintiff's conditions would impact her ability to perform works tasks or function in a work environment. *See id.* at 1164, ("None of these observations, however, offers an assessment of the effect of Ms. Keyes-Zachary's mental limitations on her ability to work . . . The ALJ's failure to assign a specific weight to Mr. Blasdel's observations therefore did not represent harmful error.").

The medical observations of Lindsay Bowton are not significantly probative. Ms. Bowton's opinion is limited to a "To Whom It May Concern" letter. The letter indicates that the first date of treatment with Plaintiff was April 27, 2011, and the last day of treatment was September 23, 2011. But it gives no indication as to how often or for how long Ms. Bowton saw Plaintiff between those dates. Neither does Ms. Bowton offer clinical support or evidence to support her conclusions. Absent significant probative value, Plaintiff was not prejudiced by the ALJ's failure to discuss Ms. Bowton's medical opinion. *See Jimison ex rel. Sims v. Colvin*, 513 F. App'x 789, 794 (10th Cir. 2013).

With regards to the other medical opinions of record, including the opinion of Dr. Christina Gallup, M.D. and her physician assistant, Joel J. Hunt PA-C, the Court finds the ALJ sufficiently analyzed and weighed such medical evidence.

Therefore, Plaintiff has not presented grounds based on the medical evidence described or omitted by the ALJ that would justify altering the agency's decision.

2. *The RFC and Vocational Expert Hypothetical*

Given the Court's determination regarding the ALJ's analysis and weighing of the medical evidence, the Court additionally finds the ALJ did not commit reversible error in his RFC finding and corresponding vocational expert hypothetical.

3. *Plaintiff Compliance with Prescribed Treatment*

The ALJ analyzed the Plaintiff's compliance with prescribed treatment in the context of analyzing Plaintiff's credibility. The ALJ's analysis included Plaintiff's failure to wear gas permeable contacts and to quit smoking. The ALJ determined Plaintiff's statements concerning the intensity, persistence, and limiting effects of her alleged symptoms were not entitled to full

credibility. As the ALJ's did not analyze Plaintiff's compliance as a means for finding an otherwise disabled Plaintiff not disabled, the ALJ did not need to engage in the analysis set forth in SSR 82-59. As such, the Court does not find the ALJ committed reversible error.

## CONCLUSION

Having determined that the agency's decision is supported by substantial evidence and free from harmful legal error, that decision is AFFIRMED. Judgment shall be entered in Defendant's favor in accordance with Fed. R. Civ. P. 58.

DATED this 19th day of December, 2013.

Bruce S. Jenkins
United States District Judge